IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL M. R.,[1]

    Plaintiff,

v.                                                                    1:25-cv-01071-JMR

FRANK BISIGNANO, Commissioner
of the Social Security Administration,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Opposed Motion for Remand to

Agency Pursuant to Sentence Four of 42 U.S.C. § 405(g), filed on January 6, 2026.  Doc. 9.  In

response, Plaintiff agrees the case should be remanded, but he argues that it should be remanded

for an immediate award of benefits rather than for a rehearing.  Doc. 11.  In reply, Defendant

urges the Court to remand for a fourth hearing rather than ordering an immediate award of

benefits.  Doc. 12.  Plaintiff filed a surreply.  Doc. 15.  The parties consented to my entering final

judgment in this case pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b).  Docs. 4, 7, 10.

Having meticulously reviewed the record and being fully advised in the premises, the Court

GRANTS Defendant's request to remand but DENIES Defendant's request to remand for further

administrative proceedings.  Instead, the Court remands for an immediate award of benefits.

---

[1] Due to sensitive personal and medical information contained in this opinion, the Court uses
only the Plaintiff's first name and middle and last initials.  In so doing, the Court balances the
Plaintiff's privacy interest in his personal medical information, *United States v. Dillard*, 795 F.3d
1191, 1205–06 (10th Cir. 2015), and the public's interest in accessing the opinion, FED. R. CIV.
P. 5.2(c)(2)(B).

I.      **Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show:  (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work."  20 C.F.R. § 404.1520(a)(4)(i–iv), 416; *Grogan v. Barnhart*, 399 F.3d 1257, 1260–61 (10th Cir. 2005).  If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

II.     **Background and Procedural History**

This is Plaintiff's third appeal to the United States District Court regarding his application for benefits.

---

[2] Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1.

### A. Plaintiff's First Appeal

Nearly seven years ago, on June 12, 2019, Plaintiff filed an application for Social Security Disability Insurance ("SSDI").  AR 169–77.[3]  In his initial application, Plaintiff alleged disability since January 13, 2018, due to post-traumatic stress disorder ("PTSD"), depression, nerve damage in his arms, and problems with both shoulders, both hands, his left ankle, and his left knee.  AR 171, 220, 1031.  Plaintiff's application was denied at the initial level on October 22, 2019 (AR 109–12) and at the reconsideration level on January 13, 2020 (AR 114–17).

Plaintiff requested a hearing (AR 123–24), which ALJ Stephen Gontis held on September 11, 2020 (AR 32–71).  On October 19, 2020, ALJ Gontis issued his decision, finding Plaintiff not disabled at step five of the sequential evaluation process.  AR 12–26.  Following the Appeals Council's denial of his request for review (AR 1–6), Plaintiff filed his first appeal to this Court on March 22, 2021 (AR 1198–99).  In his first appeal, Plaintiff raised several claims of error related to his RFC—asserting that the ALJ erred by failing to adequately consider medical opinions and evidence in formulating his mental RFC.  *Romero v. Saul,* 21cv249 KK, Doc. 18 at 9–25.  On May 17, 2022, this Court found that the ALJ erred in assessing Plaintiff's mental RFC by failing to

> (1) provide a legally adequate explanation for rejecting Dr. Krueger's medical opinion that Mr. Romero has a marked limitation in interacting with others; (2) account for Mr. Romero's moderate limitations in concentrating, persisting, and maintaining pace in his assigned RFC or otherwise explain why he is not so limited; and, (3) properly account for the moderate limitations to which the state agency psychologists opined.

---

[3] Documents 5-1 through 5-20 comprise the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

AR 1217.  The Court remanded the case to allow the Commissioner an opportunity to correct these RFC errors.  AR 1217–18.

### B.  Plaintiff's Second Appeal

On July 5, 2022, more than three years after Plaintiff applied for benefits, the Appeals Council remanded the case to an ALJ.  AR 1220–21.  The Appeals Council noted that Plaintiff had filed a subsequent claim for SSDI on July 6, 2021, and consolidated the claims files.  AR 1222.  On February 3, 2023, ALJ Michael Leppala held a second hearing.  AR 2945–75.  On March 10, 2023, ALJ Leppala issued his decision, finding Plaintiff not disabled at step five of the sequential evaluation process.  AR 2906–24.  Plaintiff filed his second appeal to this Court on May 11, 2023.  *Romero v. O'Malley*, 23cv410 GBW, Doc. 1.

In his second appeal, Plaintiff argued that the ALJ committed legal error in assessing his RFC by failing to comply with this Court's mandate in assessing mental limitations assessed by two separate doctors.  *Id.*, Doc. 17 at 3, 14–23.  On January 4, 2024, the SSA filed an Unopposed Motion for Remand to Agency Pursuant to Sentence Four of 42 U.S.C. § 405(g), which the Court granted.  *Id.*, Docs. 22–23.

### C.  Plaintiff's Third Appeal

On February 27, 2024, almost five years after Plaintiff initially applied for benefits, the Appeals Council once again remanded the case to an ALJ.  AR 2939–42.  The Appeals Council noted that the ALJ had failed to adequately evaluate "opinion evidence and prior administrative findings in assessing the claimant's residual functional capacity."  AR 2941.  On remand, the Appeals Council ordered the ALJ to do the following:  (1) "[g]ive further consideration to the medical source opinion(s) and prior administrative medical findings" pursuant to 20 C.F.R. § 404.1520c; (2) further consider claimant's maximum RFC and to "provide appropriate rationale

4

with specific references to evidence of record in support of the assessed limitations;" and (3)

obtain supplemental evidence from a vocational expert if needed.  AR 2942.

On June 13, 2025, ALJ Michael Leppala held the third ALJ hearing in this case.  AR

2866–94.  ALJ Leppala issued his unfavorable decision on July 9, 2025.  AR 2829–54.  The ALJ

noted that Plaintiff was insured through December 31, 2023.  AR 2834.  At step one, the ALJ

found that Plaintiff had not engaged in substantial gainful activity since January 13, 2018, his

alleged onset date.  *Id.*  At step two, the ALJ found that Plaintiff had the following severe

impairments:  degenerative disc disease of the lumbar spine, degenerative joint disease of the

shoulders, finger contracture, and PTSD.  AR 2835.  The ALJ found Plaintiff's prostate cancer,

obesity, and angina to be non-severe.  *Id.*

At step three, the ALJ found that none of Plaintiff's impairments, alone or in

combination, met or medically equaled a Listing.  AR 2836–40.  Because the ALJ found that

none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC.  AR 2840–53.  The

ALJ found Plaintiff had the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) except Claimant is
> capable of occasionally lifting and/or carrying 50 pounds, frequently lifting and/or
> carrying 25 pounds, standing and/or walking for about six hours in an eight[-]hour
> workday, all with normal breaks.  This hypothetical individual can occasionally
> reach overhead bilaterally and can frequently reach in all other directions
> bilaterally. He can frequently handle and finger bilaterally.  The Claimant can
> frequently climb ramps or stairs and occasionally climb ladders ropes or scaffolds,
> frequently stoop, kneel, crouch, and crawl. The Claimant can understand, carry out,
> and remember simple instructions and make commensurate work-related decisions,
> respond appropriately [to] supervision, coworkers, and work situations, deal with
> occasional changes in work setting, and maintain concentration, persistence, and
> pace for up to and including two hours at a time with normal breaks throughout
> normal workday.  He is limited to occasional interaction with coworkers,
> supervisors, and the general public.

AR 2840.

At step four, the ALJ found Plaintiff did not have any past relevant work.[4]  AR 2853. The ALJ found Plaintiff not disabled at step five because he could perform jobs that exist in significant numbers in the national economy—such as floor waxer, warehouse worker, and automobile detailer.  AR 2853–54.

Plaintiff timely filed his appeal to this Court on October 28, 2025.  Doc. 1.[5]  On January 6, 2026, before Plaintiff filed his opening motion, Defendant filed an Opposed Motion for Remand to Agency Pursuant to Sentence Four of 42 U.S.C. § 405(g).  Doc. 9.  Defendant states that he "has reviewed the case and determined that a remand for further administrative proceedings is warranted."  *Id*. at 1.  Defendant's motion provides no explanation of why remand for rehearing is warranted, or what errors he plans to remedy through further administrative proceedings.[6]  *Id*.  Plaintiff counters that this case should be remanded for an immediate award of benefits.  Doc. 11.

### III.    Plaintiff's Claims

Plaintiff agrees with Defendant that remand is appropriate but urges the Court to remand for an immediate award of benefits, rather than for a rehearing.  Doc. 11 at 1.  Plaintiff urges the

---

[4] Prior to his alleged onset date, Plaintiff served in the National Guard for 36 years and worked, in a civilian capacity, as a welder.  AR 40–41.  However, this work does not qualify as past relevant work because it was not done within the past five years.  *See* 20 C.F.R. 404.1565(a) (effective June 21, 2024).

[5] A claimant has sixty days to file an appeal.  The sixty days begins running five days after the decision is mailed.  20 C.F.R. § 404.981; *see also* AR 2830.

[6] Plaintiff argues that the Commissioner's failure to "provide any argumentation to explain his position" amounts to a concession that an immediate award of benefits is appropriate.  Doc. 11 at 1.  The Court acknowledges that raising an argument without support or argumentation is not ideal, but declines to find that the Commissioner has waived his right to contest an immediate award of benefits.

Court to remand for an immediate award of benefits due to the protracted nature of the case and because further fact-finding is unlikely to be useful. *Id.* at 13–16.

Plaintiff asserts that the third ALJ adjudication—like the first two ALJ adjudications— failed to properly assess his RFC. Specifically, Plaintiff asserts that the ALJ made several errors in assessing his physical RFC. Doc. 11 at 8–13. First, Plaintiff asserts that the ALJ failed to adequately discuss his subjective symptom allegations. *Id.* at 9. Second, Plaintiff asserts that the ALJ cherry picked and mischaracterized Plaintiff's treatment records in order to reject Plaintiff's shoulder limitations. *Id.* at 9–12. Third, Plaintiff asserts that the ALJ improperly rejected medical source opinions that supported greater physical and reaching RFC limitations.[7] *Id.* at 8– 13. The Commissioner does not contest these RFC errors. *See* Doc. 12 at 6 (asserting that "whether the ALJ erred is a moot point [because] the Commissioner has stated that the case should be remanded").

The Commissioner admits that the Court has discretion to order an immediate award of benefits, but urges the Court not to do so here. Doc. 12. The Court agrees with Plaintiff and will remand for an immediate award of benefits.

IV.    **Analysis**

This Court has discretion "to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993) (citations omitted). Among the relevant factors the court may consider in making this decision

---

[7] These medical source opinions include the following: (1) Dr. Mark Evanko, who opined that Plaintiff was limited to "[n]o physical tasks involving overhead lifting or the lifting of objects over 10 pounds" (AR 2637); (2) Dr. George E. Higgins, who confirmed Plaintiff had "bilateral chronic shoulder pain diagnosed as rotator cuff tendonitis" and limited Plaintiff to "[n]o physical tasks involving overhead lifting" (AR 539, 548); and (3) Dr. Em Ward, who opined that Plaintiff was "severely limited" in his ability to do overhead work, and limited in his abilities to frequently squat, rise, and sit (AR 2710).

are (1) "the length of time the matter has been pending" and (2) "whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (cleaned up).

In assessing the second factor, the Court may consider whether the record conclusively supports a finding of disability, but the Court is not required to find that it does before remanding for an immediate award of benefits. *See, e.g.*, *Ragland*,[8] 992 F.2d at 1060 (finding the record inadequate to "satisfy the [Commissioner's] step five burden" and remanding for an immediate award of benefits without assessing whether further fact-finding applying the right standards might result in denial of benefits); *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) (directing immediate award of benefits despite need for additional fact-finding because of agency's failure to follow regulations, claimant's advanced age, and length of time case pending); *Huffman v. Astrue*, 290 F. App'x 87, 89–90 (10th Cir. 2008) (unpublished) (remanding for an immediate award of benefits where the ALJ's decision was too vague to review).

The Court does not "take its discretion [to remand for an immediate award of benefits] lightly and is generally opposed to reaching beyond its ordinary role in these cases." *Romero v. Kijakazi*, No. 22-cv1237-MDB, 2023 WL 4545158, at *5 (D. Colo. July 7, 2023). However, the Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of*

---

[8] The Commissioner attempts to cabin the import of *Ragland* by arguing that it "does not reflect the current state of the law." Doc. 12 at 2 n.1. The Commissioner asserts that *Ragland* may have relied on a different burden of proof at step five in deciding to remand. *Id.* The Court need not reach this argument because the Court does not cite *Ragland* based on step five errors in particular. Instead, the Court cites *Ragland* for the broader proposition that a remand for an immediate award of benefits is appropriate when the Commissioner creates long delays through erroneous disposition(s) of the case.

*Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (citation and quotation omitted); *see also Railey v. Apfel*, 134 F.3d 383 (10th Cir. 1998), 1998 WL 30236 (unpublished table decision) (remanding for an immediate award of benefits in part because of "the Commissioner's inability to produce an affirmable decision after four administrative hearings").

**A.    The Commissioner's view of the scope of the Court's discretion is overly narrow.**

The Commissioner paints a narrow picture of the scope of the Court's discretion to remand for an immediate award of benefits. The Commissioner argues that an immediate award of benefits is appropriate only if a "finding of disabled [would have been] inevitable" had "the ALJ not made the [claimed] errors." Doc. 12 at 6. However, Tenth Circuit case law does not support such a narrow reading. The cases the Commissioner cites do not persuade the Court otherwise.

First, the Commissioner cites *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) for the proposition that the Court must remand where there is conflicting evidence because courts "cannot re-weigh the evidence in Social Security cases." Doc. 12 at 3. *Miller*, however, is not so proscriptive. While the *Miller* court exercised its discretion to remand for further fact-finding, the court also warned the Commissioner as follows:

> After four administrative hearings, two of which were held pursuant to explicit instructions by the district court to address the [closed period of time], we would caution the agency that "the [Commissioner] is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion."

*Miller*, 99 F.3d at 978 (citing *Sisco,* 10 F.3d at 746). Thus, while *Miller* shows that a court may remand for further fact-finding when the record contains conflicting evidence, *Miller* does not proscribe this as the only option.

9

Second, the Commissioner cites *Lopez v. Colvin*, 642 F. App'x 826, 832 (10th Cir. 2026) (unpublished) for the proposition that the Court must remand where there is conflicting evidence. Doc. 12 at 3, 6. In *Lopez,* despite the case pending for over seven years, the circuit court exercised its discretion to remand to allow the Commissioner to properly address the medical opinions. *Lopez*, 642 F. App'x at 832. Again, *Lopez* shows only that a court *may* remand for further fact-finding, but it does not proscribe this as the only option.

Like other judges in this district, I find the Court has discretion to remand either for further fact-finding or for an immediate award of benefits without first finding that the record conclusively supports a finding of disability. *See, e.g.*, *Mendoza-Martinez v. Kijakazi*, No. 20cv310 SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021) (Vidmar, J.) (immediate award of benefits not contingent on "the record fully support[ing] that the Plaintiff is disabled as a matter of law"); *Samadi v. Kijakazi*, No. 21cv314 JFR, 2022 WL 2286834, at *5 (D.N.M. June 24, 2022) (Robbenhaar, J.) (same); *Maldonado v. Kijakazi*, No. 22cv554 DLM, 2023 WL 4235637, at *4 (D.N.M. June 28, 2023) (Martinez, J.) ("[T]he Commissioner offers no authority to suggest that an immediate award of benefits is precluded by a record that does not wholly support a favorable disability determination.").

**B.      The factors in this case support an immediate award of benefits.**

The factors in this case support an immediate award of benefits. *See Salazar*, 468 F.3d at 626 (appropriate factors to consider include (1) "the length of time the matter has been pending" and (2) "whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits.").

First, the "length of time this matter has been pending"—nearly seven years—supports an immediate award of benefits. The Tenth Circuit has granted immediate awards of benefits as the

10

result of delays of four to eight years. *Groberg v. Astrue*, 415 F. App'x 65, 73 (10th Cir. 2011) (unpublished) (awarding benefits after five-year delay); *Huffman*, 290 F. App'x at 89–90 (awarding benefits after six-year delay); *Salazar*, 468 F.3d at 626 (awarding benefits after five-year delay); *Bowman v. Apfel*, 221 F.3d 1351, 2000 WL 1034628, at *1 (10th Cir. 2000) (unpublished) (awarding benefits after seven-year delay); *Havice v. Chater*, 105 F.3d 669, 1997 WL 8852, *7 (10th Cir. 1997) (unpublished table decision) (awarding benefits after eight-year delay); *Sisco*, 10 F.3d at 741, 746 (awarding benefits after seven-year delay); *Long v. Shalala*, 9 F.3d 117, 1993 WL 425430, at *3 (10th Cir. 1993) (unpublished table decision) (awarding benefits after four-year delay); *Nielson*, 992 F.2d at 1122 (awarding benefits after four-year delay). Judges in this district have also remanded for an immediate award of benefits in cases pending for similar lengths of time. *See*, e.g., *Trujillo v. Kijakazi*, No. CV 22-120 KWR-JFR, 2023 WL 2135564, at *12 (D.N.M. Feb. 21, 2023), report and recommendation adopted, 2023 WL 2413778 (D.N.M. Mar. 8, 2023) (remanding for an immediate award of benefits where case had been pending for six years); *Maldonado*, 2023 WL 4235637, at *3–4 (seven years); *Padilla v. O'Malley*, No. 1:23-CV-0394-DLM, 2024 WL 2896074, at *3 (D.N.M. June 10, 2024) (eight years). Like these courts, I find the length of time this case has been pending weighs in favor of remanding for an immediate award of benefits.

Second, the procedural history of this case cuts against finding that remanding for additional fact-finding would serve any useful purpose. Despite repeated opportunities to produce a RFC free from legal error and supported by substantial evidence, the Commissioner has failed to do so. In Plaintiff's first appeal, the Court found that the ALJ erred by failing to properly consider medical opinions and evidence in promulgating Plaintiff's mental RFC and remanded on this basis. AR 1204–17. A second ALJ held a hearing and issued a second

11

unfavorable decision. AR 2945–75, 2906–24. In his second appeal to this Court, Plaintiff once again argued that legal errors plagued the RFC. *See Romero v. O'Malley*, 23cv410 GBW, Doc. 17 at 7–23. The SSA filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), (*id.*, Doc. 22) and, on remand, the Appeals Council noted that the ALJ had once again failed to adequately evaluate "opinion evidence and prior administrative findings in assessing the claimant's residual functional capacity." AR 2941. The Appeals Council generally admonished the ALJ to further consider claimant's maximum RFC and to "provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." AR 2942. A third ALJ hearing was held, resulting in the unfavorable decision now on appeal. AR 2829–54, 2866–94. On his third appeal to this Court, Plaintiff once again argues that the ALJ failed to properly consider medical opinions and evidence in promulgating his RFC. Doc. 11 at 8–13. In response, the Commissioner essentially concedes the error, choosing only to argue about the proper remedy.[9] *See* Doc. 12. The SSA has had three separate chances to produce a RFC that is free from legal error and supported by substantial evidence, but has failed to do so. These repeated reversals of the ALJ's decision for legal errors in assessing the RFC weigh in favor of an immediate award of benefits. The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco*, 10 F.3d at 746; s*ee also Serafin v. Berryhill*, No. 18cv1053 SMV, 2019 WL 3843051, at \*6 (D.N.M. Aug. 15, 2019) ("The Court declines to remand a third time to give [the Commissioner] another mulligan to meet his burden.").

---

[9] The Commissioner does not argue that the ALJ did not err in this case, instead arguing that "whether the ALJ erred is a moot point." Doc. 12 at 6. The Court does not agree that the ALJ's error is a "moot point" because it does not agree with the Commissioner's position that an immediate award of benefits is only available if a "finding of disabled would have been inevitable." *Id*.

Like other courts, I find that remanding for additional fact-finding would not be useful because the Commissioner has repeatedly failed to conduct and/or articulate the correct analysis of the evidence already in the record despite clear instructions to do so by the Court and the Appeals Council. *See Huffman*, 290 F. App'x at 90 (unpublished) (remanding for an immediate award of benefits where the ALJ's decision was too vague for meaningful review, the case had previously been remanded, and the matter had been pending for over six years); *Serafin*, 2019 WL 3843051, at *6 (remanding for immediate benefits where, "[d]espite . . . explicit instructions, and despite clear law on the evaluation of medical source opinions, the Commissioner failed to apply the correct legal standards in evaluating" the medical source opinions); *Herrera v. Kijakazi*, No. 21cv227 KBM, 2022 WL 604728, at *4 (D.N.M. Mar. 1, 2022) ("[T]he ALJ's disregard of the Appeals Council's unambiguous instructions on remand undermines the Court's confidence that the Agency would, on yet a fifth opportunity to review the evidence in this case, apply the proper legal standards and render a decision supported by substantial evidence.").

The Commissioner asserts that an immediate award of benefits is not warranted in this case because the ALJ in this case did not make exactly the same RFC error three times in a row. *See* Doc. 12 at 5–6. In the Commissioner's view—because the first two remands were based on errors in formulating Plaintiff's mental RFC, and the current briefing asserts errors in formulating Plaintiff's physical RFC—the Commissioner should be given another opportunity to assess Plaintiff's RFC. *Id*. The Court is not persuaded.

First, while Plaintiff may not have previously argued to this Court that the ALJ erred in formulating his physical RFC, he has repeatedly raised physical limitations and limitations with his shoulders throughout all three adjudications at the administrative level. *See, e.g.,* AR 55–56, 239–54, 264–71, 1494–1501, 2951–56, 2874, 2879. Ample medical evidence and opinion

13

evidence also documented and raised these limitations.  *See, e.g.*, Doc. 11 at 5–8 (Plaintiff's summary of medical evidence and opinions related to his shoulder impairments).  Second, the ALJ has repeatedly been instructed to adhere to the correct legal standards governing RFC assessment in this case.  *See* AR 1204–17, 1220–21, 2941–42.  These legal standards governing proper RFC assessment apply to both mental and physical RFC assessments.  The Court declines to give the Commissioner yet a fourth chance to produce an RFC that is legally sufficient and supported by substantial evidence.  The Commissioner has had three opportunities to fulfill his fact-finding role in accordance with the applicable regulations and has not met his burden of doing so, causing years-long delay in the disposition of this case.  *See Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the [Commissioner's] patent failure to satisfy the burden of proof at step five, and the long delay that has already occurred as a result of the [Commissioner's] erroneous disposition of the proceedings . . . . ").

The length of time this matter has been pending and the fact that remand for additional fact-finding would not serve any useful purpose both weigh in favor of remanding for an immediate award of benefits.  The Court, therefore, will grant Plaintiff's request to remand for an immediate award of benefits.

## V.    Conclusion

IT IS THEREFORE ORDERED that Defendant's Opposed Motion for Remand to Agency Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 9), is GRANTED IN PART and DENIED IN PART.  The Court grants Defendant's request to remand this case but denies

Defendant's request to remand for further administrative proceedings.  Instead, the Court

remands this case for an immediate award of benefits.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent