IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL M. R.,[1]

Plaintiff,

v. 1:25-cv-01071-JMR

FRANK BISIGNANO, Commissioner
of the Social Security Administration,

Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES**
**PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on Plaintiff Paul M. R.'s Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on August 14, 2026. Doc. 19. The Commissioner did not file a response to the motion, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) (response due within fourteen calendar days after service of a motion). Plaintiff also indicates that the Commissioner has taken no position on the motion. *See* Doc. 19 at 2. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it.

## I. Procedural History

Plaintiff filed three appeals to this Court, ultimately securing an order granting him an immediate award of benefits.

[1] Due to sensitive personal and medical information contained in this order, the Court uses only the Plaintiff's first name and middle and last initials. In so doing, the Court balances the Plaintiff's privacy interest in his personal medical information, *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015), and the public's interest in accessing the opinion, FED. R. CIV. P. 5.2(c)(2)(B).

Over seven years ago, on June 12, 2019, Plaintiff filed an application for Social Security Disability Insurance ("SSDI"). AR 169–77.[2] Plaintiff's application was denied at the initial level on October 22, 2019 (AR 109–12) and at the reconsideration level on January 13, 2020 (AR 114–17). Plaintiff requested a hearing (AR 123–24), which ALJ Stephen Gontis held on September 11, 2020 (AR 32–71). On October 19, 2020, ALJ Gontis issued his decision, finding Plaintiff not disabled at step five of the sequential evaluation process. AR 12–26. Following the Appeals Council's denial of his request for review (AR 1–6), Plaintiff filed his first appeal to this Court on March 22, 2021 (*Romero v. Saul,* 1:21-cv-00249-KK) (AR 1198–99). On May 17, 2022, this Court found that the ALJ erred in assessing Plaintiff's mental RFC and remanded the case to allow the Commissioner an opportunity to correct the RFC errors. AR 1200–19.

On July 5, 2022, more than three years after Plaintiff applied for benefits, the Appeals Council remanded the case to an ALJ. AR 1220–21. The Appeals Council noted that Plaintiff had filed a subsequent claim for SSDI on July 6, 2021, and consolidated the claims files. AR 1222. On February 3, 2023, ALJ Michael Leppala held a second hearing. AR 2945–75. On March 10, 2023, ALJ Leppala issued his decision, finding Plaintiff not disabled at step five of the sequential evaluation process. AR 2906–24. Plaintiff filed his second appeal to this Court on May 11, 2023. *Romero v. O'Malley*, 1:23-cv-00410-GBW, Doc. 1. On January 4, 2024, the SSA filed an Unopposed Motion for Remand to Agency Pursuant to Sentence Four of 42 U.S.C. § 405(g), which the Court granted. *Id.*, Docs. 22–23.

[2] Documents 5-1 through 5-20 comprise the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

On February 27, 2024, almost five years after Plaintiff initially applied for benefits, the Appeals Council once again remanded the case to an ALJ. AR 2939–42. On June 13, 2025, ALJ Leppala held the third ALJ hearing in this case. AR 2866–94. ALJ Leppala issued his unfavorable decision on July 9, 2025. AR 2829–54. Plaintiff timely filed his appeal to this Court on October 28, 2025. Doc. 1. On January 6, 2026, before Plaintiff filed his opening motion, Defendant filed an Opposed Motion for Remand to Agency Pursuant to Sentence Four of 42 U.S.C. § 405(g). Doc. 9. Defendant asked the Court to remand for further proceedings, *id.* at 1, but in his response, Plaintiff argued that an immediate award of benefits was more appropriate, Doc. 11. The Court agreed with Plaintiff, and entered a Memorandum Opinion and Order granting Plaintiff an immediate award of benefits on May 21, 2026. Doc. 17.

On remand, the SSA awarded Plaintiff $210,124.00 in back benefits.[3] Doc. 19-1 at 19. By Notice of Award dated June 22, 2026, the Commissioner notified Plaintiff that he had withheld $52,531.00 from his past-due benefits to pay for attorney's fees. *Id.* Plaintiff's attorney, Laura Johnson, requested $12,000.00 from the SSA for the work performed at the administrative level. Doc. 19 at 5. Ms. Johnson now requests that she be awarded $40,531.00 as attorney's fees for legal services rendered before this Court. *Id.* at 1.

Plaintiff was twice awarded fees under the Equal Access to Justice Act ("EAJA") in connection with his appeals to this Court. On August 15, 2022, Magistrate Judge Kirtan Khalsa awarded Plaintiff $8,300.00 in attorney's fees under the EAJA. *See Romero v. Saul,* 1:21-cv-00249-KK, Doc. 30. And, on March 13, 2024, Chief Magistrate Judge Gregory B. Wormuth awarded Plaintiff $7,003.90 in attorney's fees under the EAJA. *See Romero v. O'Malley*, 1:23-

[3] The total back benefit award is calculated from the twenty-five percent of the total back benefit withheld, $52,531.00 (four times $52,531.00 = $210,124.00).

cv-00410-GBW, Doc. 27. Ms. Johnson states that she will refund all of the EAJA fees (totaling $15,303.90) that are not subject to the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(A)(i)) to Plaintiff if her instant motion for attorney's fees under § 406(b) is granted. Doc. 19 at 2, 4–5.

## II. Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b). *Id.* at 497.[4] If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

---

[4] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

Under 42 U.S.C. § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of § 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id.*

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## III. Analysis

First, the Court finds that Ms. Johnson requested § 406(b) fees within a reasonable time. The SSA did not mail Plaintiff a "Notice of Award" until June 22, 2026. Doc. 19-1 at 16–21. Ms. Johnson filed her fee motion on August 14, 2026. Doc. 19. The Court finds this two-month time frame to be a reasonable period of time. *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. The Court finds that it does. Plaintiff signed three fee agreements—on February 8, 2021, April 3, 2023, and October 21, 2025—which state in relevant part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney **twenty-five percent (25%)** of my and my family's past-due benefits. . . .
>
> I understand that the federal court m[a]y order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 19-1 at 29–31. In the instant fee motion, Ms. Johnson requests $40,531.00, which constitutes only 19.2% of Plaintiff's back benefit award of $210,124.00.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Ms. Johnson's requested attorney's fees reasonable. Michael Armstrong Law, LLC[5] obtained a fully favorable outcome for Plaintiff, and was not responsible for any appreciable delay in the resolution of the case. Ms. Johnson's fee request of $40,531.00 is not disproportionately large in comparison to the amount of time spent representing Plaintiff before this Court (*see* Doc. 19-1 at 22–28 (reflecting a total of 87.1 hours of attorney time on this case, or $465.33 per hour)), and is in line with other awards in this district under § 406(b). Thus, the

[5] The Court notes that in addition to the work completed by Ms. Johnson, some of the work in this case was completed by a second attorney at Michael Armstrong Law, LLC (now Armstrong Johnson Law, LLC), Katherine Hartung O'Neal, who has since left the firm. *See* Doc. 19-1 at 24–26. Notably, Plaintiff signed a fee agreement with the law firm rather than with any particular attorney. *See* Doc. 19-1 at 29–31.

Court's independent review of the fee request finds the requested amount to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 19) is GRANTED. Counsel is awarded $40,531.00 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court. The Court authorizes the Commissioner to pay attorney Laura Johnson $40,531.00 out of Plaintiff's past-due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** that counsel will refund to Plaintiff the $15,303.90 in attorney's fees awarded under the EAJA.[6]

Jennifer M. Rozzoni

JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

[6] If any amount of the EAJA fee was subject to the Treasury Offset Program, counsel need not refund the offset amount to Plaintiff. *See* 31 U.S.C. § 3716.